**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| WEBER-STEPHEN PRODUCTS LLC,<br><br>Plaintiff / Counter-Defendant,<br><br>v.<br><br>SEARS HOLDINGS CORPORATION; SEARS ROEBUCK & COMPANY,<br><br>Defendants / Counter-Plaintiffs. | Civil Action No. 13-cv-1686<br><br>Hon. Edmond E. Chang<br><br>Magistrate Judge Michael T. Mason |

## SEARS'S *DAUBERT* MOTION TO EXCLUDE THE DESIGN PATENT INFRINGEMENT OPINIONS OF JOHN B. HOLECEK

Included at the end of Weber's purported expert John Holecek's lengthy report on the question of infringement of the '874 utility patent are a few pages devoted to the alleged infringement of U.S. Design Patent Nos. D564,834 S ("the '834 patent") and D609,045 S ("the '045 patent"). Exhibit 1 (Holecek Report). Mr. Holecek's opinions as to design patent infringement must be excluded, however, because he fails to perform the necessary analysis under the law. Specifically, although Weber asserts that the accused and claimed designs are identical, and thus the claimed designs must be considered in the context of the prior art, *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008); *Voltstar Techs., Inc. v. Amazon.com, Inc.*, 2014 U.S. Dist. LEXIS 102306, at *5 (N.D. Ill. July 28, 2014), the sum and substance of Mr. Holecek's opinion as to the prior art are the following conclusory sentences:

> Especially against the backdrop of the prior art Sears has cited against the '834 patent, it is my opinion that the unique, ornamental features of the claimed design of the '834 patent and the shroud of the Accused Grills is substantially and deceptively similar under the 'ordinary observer' test.

* * *

> Especially against the backdrop of the prior art Sears has cited against the '045 patent, it is my opinion that the unique, ornamental features of the claimed design of the '045 patent and the Accused Grills is substantially and deceptively similar under the 'ordinary observer' test.

Exhibit 1 (Holecek Report at 45, 47). Mr. Holecek says elsewhere that he applied the ordinary observer test "bearing in mind" the "alleged prior art grills identified by Sears," but that is the extent of his explanation. Exhibit 1 (Holecek Report at 44, 45). Mr. Holecek does not explain how or why he comes to that conclusion, how the prior art designs are similar or different to the claimed designs, or anything of the sort. Mr. Holecek fails to do so even as he acknowledges that a "comparison of the claimed and accused designs with the prior art" is required if the designs are not "plainly dissimilar" as Weber contends. Exhibit 1 (Report at 42). Mr. Holecek provides no explanation whatsoever of such a comparison so that his opinions can be probed and tested. He just says it.

In his deposition, Mr. Holecek confirmed that his Report contains all of his opinions in this case, and that he has nothing to add. Exhibit 2 (Holecek Dep. 19:4 – 20:23). Mr. Holecek also confirmed specifically that he has nothing to add to his "analysis" of the prior art:

> Q Do you have any more specific thing to say about any particular piece of prior art other than what you said in your report, Exhibit 41?
>
> A At this point this report, you know, are my opinions with respect to prior art. That is not to say that if you have a specific example of the prior art that has been discussed in this case I may have an opinion about that. But at this point this represents my opinions.

Exhibit 2 (Holecek Dep. 80:1-9). Nor did Mr. Holecek have anything to say in his deposition in response to the opinions of Sears's expert Jim Gandy as it pertains to design patent infringement, other than he disagrees with it. Exhibit 2 (Holecek Dep. 85:20–86:21).

Mr. Holecek's opinions as to the design patents are nothing more than *ipse dixit*. His opinions are not capable of being tested as sound or not. At best, the Court is unable to ascertain

if Mr. Holecek conducted the required analysis correctly, because he has provided no information that would allow the Court to do so. Mr. Holecek's conclusory opinions do not remotely pass under Federal Rule of Evidence 702, as applied by *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and its progeny. *See, e.g., Lewis v. Citgo Petroleum Corp.*, 561 F.3d 698, 705 (7th Cir. 2009); *see also Happel v. Walmart Stores, Inc.*, 602 F.3d 820, 824 (7th Cir. 2010). "To determine reliability, the court should consider the proposed expert's full range of experience and training, as well as the methodology used to arrive [at] a particular conclusion." *United States v. Pansier*, 576 F.3d 726, 737 (7th Cir. 2009). In doing so, courts "make the following inquiries before admitting expert testimony: First, the expert must be qualified as an expert by knowledge, skill, experience, training, or education; second, the proposed expert testimony must assist the trier of fact in determining a relevant fact at issue in the case; third, the expert's testimony must be based on sufficient facts or data and reliable principles and methods; and fourth, the expert must have reliably applied the principles and methods to the facts of the case." *Lees v. Carthage Coll.*, 714 F.3d 516, 521-22 (7th Cir. 2013).

Here, Mr. Holecek provides no detail or explication that would even allow the Court to determine if his opinions are sound—if, for example, he has based his opinions on sufficient facts or data and reliable principles and methods, or if he has reliably applied them to the facts of this case. FED. R. EVID. 702. Again, Mr. Holecek just provides his bottom-line conclusion and nothing more. The Court should therefore grant Sears's motion and disregard/exclude Mr. Holecek's opinions as to design patent infringement.

Dated: May 20, 2015

Respectfully submitted,

*Paul R. Garcia*

Paul R. Garcia
Jordan A. Arnot
PARTRIDGE & GARCIA P.C.
321 North Clark Street, Suite 720
Chicago, IL 60654
(312) 634-9517
pgarcia@partridgegarcia.com
jarnot@partridgegarcia.com

David R. Yohannan
Stephen R. Freeland
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC 20007
(202) 342-8400
dyohannan@kelleydrye.com
sfreeland@kelleydrye.com

*Counsel for Sears Holdings Corporation and Sears, Roebuck & Co.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing SEARS'S *DAUBERT* MOTION TO EXCLUDE THE DESIGN PATENT INFRINGEMENT OPINIONS OF JOHN B. HOLECEK and accompanying exhibits were electronically filed and served on all counsel of record pursuant to the Court's ECF System this 20th day of May 2015.

___*/s/ Paul R. Garcia*_____