**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

WEBER-STEPHEN PRODUCTS LLC,

                Plaintiff / Counter-
                Defendant,

    v.

SEARS HOLDINGS CORPORATION; SEARS
ROEBUCK & COMPANY,

                Defendants / Counter-
                Plaintiffs.

Civil Action No.  13-cv-1686

Hon. Edmond E. Chang

Magistrate Judge Michael T. Mason

**SEARS'S RULE 56.1 STATEMENT IN SUPPORT OF ITS MOTION**
**FOR SUMMARY JUDGMENT ON WEBER'S '834 (SHROUD) DESIGN PATENT FOR**
**NON-INFRINGEMENT AND INVALIDITY**

Sears respectfully submits this Local Rule 56.1 Statement of Undisputed Material Facts

in support of its Motion For Summary Judgment On The '834 (Shroud) Design Patent For Non-

Infringement And Invalidity, Count 2 of the Amended Complaint.

1.      Weber-Stephen Products LLC is a Delaware limited liability company with a

principal place of business at 200 East Daniels Road, Palatine, Illinois 60067.  Dkt. No. 139 at 2

¶ 2.

2.      Sears Holdings Corporation is a Delaware corporation with its principal place of

business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.  Dkt. No. 139 at 3 ¶ 7.

3.      Sears, Roebuck & Co. is a New York corporation with its principal place of

business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.   Dkt. No. 139 at 3 ¶ 8.

4.      This Court has original jurisdiction over Count 2 of Weber's Amended Complaint

pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it purports to arise under the laws of the

United States and under an Act of Congress relating to patents.  Dkt. No. 139 at 1-2 ¶ 1.  This

Court has original jurisdiction over Counts 4 and 5 of Sears's Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a) because they arise under an Act of Congress relating to patents, and pursuant to 28 U.S.C. §§ 2201 & 2202 because an actual controversy exists within the Court's jurisdiction for which a declaration of rights is sought. Dkt. No. 139 at ¶¶ 93 – 99 at 43.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1). Dkt. No. 139 at 6 ¶ 16.

6.      The provisional application that resulted in U.S. Patent No. D564,834 S (the "'834 patent") was filed on March 27, 2006, and the United States Patent & Trademark Office ("USPTO") issued the '834 patent on March 25, 2008. Exhibit A ('834 patent).

7.      The USPTO issued U.S. Patent No. D470,357 S ("Home '357") on February 18, 2003. Exhibit B.

8.      The USPTO issued U.S. Patent No. D461,359 S ("Coleman '359) on August 13, 2002. Exhibit C.

9.      The USPTO issued U.S. Patent No. D483,983 ("Harrod '983) on December 23, 2003. Exhibit D.

10.      The Kenmore 141.166880 grill was sold prior to March 27, 2006, and the accompanying Manual published prior to March 27, 2006. Exhibit E (5/15/15 LaRose Declaration & exhibits thereto).

11.      The BBQ-PRO 720 grill was sold prior to March 27, 2006, and the accompanying Manual published prior to March 27, 2006. Exhibit E (5/15/15 LaRose Declaration & exhibits thereto).

12.     The Permasteel Grill, a photo of which is depicted at PERMA_03578 and PERMA_03604, was sold prior to March 27, 2006.  Exhibit F (Declaration of Hazel Hu and exhibits thereto).

13.     The UniFlame NSG3902D grill was sold prior to March 27, 2006, and the accompanying Manual published prior to March 27, 2006.  Exhibit O (Declaration of Blue Rhino & exhibit thereto).

14.     The use of exposed fasteners on the lid of a barbecue grill was known and disclosed in the art prior to March 27, 2006.   Exhibit G (Alden Dep. 82:24-83:10; 88:4-91:2); Exhibit H (Holecek Dep. 78:7-79:3); Exhibit I (Gandy 3/25/15 Non-Infringement Report ¶ 17 at 8, ¶¶ 47-51 at 26-28).

15.     At the Claim Construction hearing on September 19, 2014, the Court asked Weber's counsel the following question and was given the following answer:

> THE COURT: Okay. So let me just ask you [counsel for Weber], if Kenmore had only had the bands without the rivets, would you say that that is an infringement?
>
> COUNSEL FOR WEBER: No.

Exhibit J (9/19/14 Claim Construction Hearing Tr. at 35:19-22).

16.     The ordinary observer, giving such attention as a purchaser usually gives, would not believe that the accused and claimed designs are substantially the same, inducing him to purchase one supposing it to be the other.  Exhibit A ('834 patent); Exhibit K (photos of accused Kenmore Elite 550, 600, and 700 Series grills from front, back, side); Exhibit I (Gandy 3/25/15 Non-Infringement Report at 4-29); Exhibit L (Gandy Dep. 156:11-159:2).

17.     In the context of the prior art, the ordinary observer, given such attention as a purchaser usually gives, would not believe that the accused and claimed designs are substantially

the same, inducing him to purchase one supposing it to be the other. Exhibit I (Gandy 3/25/15 Non-Infringement Report ¶¶ 27 - 51 at 13 - 28).

18.     A designer of ordinary skill has a degree in mechanical engineering or industrial design, or has 3-5 years of working experience in the industry. Exhibit N (Weber 6/10/13 Response to Interrogatory No. 4).

19.     The claimed design of the '834 patent is not described in such full, clear, concise, and exact terms as to enable a designer of ordinary skill in the art to make and use the same, and fails to particularly point out and claim the subject matter which the applicant regards as the invention, because of inconsistencies in the patent figures as it relates to the rear hinge members. Exhibit A ('834 patent); Exhibit M (Gandy 2/20/15 Invalidity Report at ¶¶ 56-62 at 24-27); Exhibit L (Gandy Dep. 159:3-161:7); Exhibit G (Alden Dep. 150:5-151:9).

20.     The claimed design of the '834 patent fails to comply with the written description requirement because the drawings of the '834 patent introduce new matter not supported by the original disclosure. Specifically, the original disclosure does not support the shape and appearance of the rear hinge members shown in Figure 6 of the '834 patent. Exhibit A ('834 patent); Exhibit M (Gandy 2/20/15 Invalidity Report ¶¶63-70 at 27-30).

Dated:  May 21, 2015                              Respectfully submitted


                                                  __/s/ Paul R. Garcia_____ _
                                                  Paul R. Garcia
                                                  Jordan A. Arnot
                                                  PARTRIDGE & GARCIA P.C.
                                                  321 N. Clark Street, Suite 720
                                                  Chicago, IL 60654
                                                  (312) 634-9517
                                                  pgarcia@partridgegarcia.com
                                                  jarnot@partridgegarcia.com

                                                  David R. Yohannan

Stephen R. Freeland
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC  20007
dyohannan@kelleydrye.com
sfreeland@kelleydrye.com

*Counsel for Sears Holdings Corporation and*
*Sears, Roebuck & Co.*