IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEBER-STEPHEN PRODUCTS LLC,<br><br>Plaintiff,<br><br>v.<br><br>SEARS HOLDINGS CORPORATION,<br><br>Defendant. | Case No. 1:13-cv-1686<br><br>Judge Chang<br>Magistrate-Judge Mason<br><br>**PUBLIC REDACTED VERSION** |

**WEBER'S RESPONSE TO SEARS' MOTION FOR SUMMARY JUDGMENT ON WEBER'S '045 DESIGN PATENT FOR NON-INFRINGEMENT AND INVALIDITY**

## TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. THE TESTIMONY OF SEARS' EXPERT, JIM GANDY, SHOULD BE EXCLUDED .......... 1

III. THERE ARE GENUINE ISSUES OF MATERIAL FACT CONCERNING NON-INFRINGEMENT .......... 1

- A. Sears Impermissibly Focuses on the Individual Features of the '045 Patent Rather Than on the Overall Appearance of the Claimed Design .......... 2
- B. Any Alleged Differences Between the '045 Patent and the Accused Grills Do Not Prevent a Finding of Infringement .......... 3
- C. The Prior Art Cited by Sears Supports a Finding of Infringement .......... 4
- D. Sears' Case Law is Distinguishable From This Case .......... 6
- E. The Accused Product is a Copy of Weber's Commercial Embodiment .......... 8

IV. THERE ARE GENUINE ISSUES OF MATERIAL FACT CONCERNING INVALIDITY .......... 9

- A. The '045 Patent is Not Invalid as Non-Enabling and Indefinite .......... 9
  - 1. The Features Claimed in the '045 Patent are Consistently Displayed in the Drawings .......... 10
  - 2. Alleged Inconsistencies in the Claimed Design are Inconsequential .......... 11
  - 3. Sears' Examples of Summary Judgment Underscore Why Summary Judgment is Inapposite in This Case .......... 13
- B. The '045 Patent is Not Invalid for Failing to Comply with the Written Description Requirement .......... 14

V. CONCLUSION .......... 15

## TABLE OF AUTHORITIES

**Cases**

*Am. Bev. Corp. v. Diageo N.A., Inc.*,
936 F. Supp. 2d 555 (W.D. Pa. 2013) ....................12

*Amini Innovation Corp. v. Anthony California, Inc.*,
439 F.3d 1365 (Fed. Cir. 2006) ....................1, 3

*Antonious v. Spalding & Evenflo Companies., Inc.*,
217 F.3d 849 (Fed. Cir. 1999) ....................10, 11, 12

*Apple, Inc. v. Samsung Electronics Co., Ltd.*,
932 F. Supp. 2d 1076 (N.D. Cal. 2013) ....................9, 10, 11

*Arner v. Sharper Image Corp.*,
CV 94-1713 ABC (BOR), 1995 WL 873730 (C.D. Cal. Oct. 5, 1995) ....................8

*Australia Vision Services Pty. Ltd. v. Dioptics Med. Products, Inc.*,
29 F. Supp. 2d 1152 (C.D. Cal. 1998) ....................9, 15

*Braun Inc. v. Dynamics Corp. of Am.*,
975 F.2d 815 (Fed. Cir. 1992) ....................5, 8

*Catalina Lighting, Inc. v. Lamps Plus, Inc.*,
295 F.3d 1277 (Fed. Cir. 2002) ....................2

*Crocs, Inc. v. Intl. Trade Commn.*,
598 F.3d 1294 (Fed. Cir. 2010) ....................3

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993) ....................1

*Dioptics Med. Products, Inc. v. IdeaVillage Products Corp.*,
CV 08-03538 PVT, 2010 WL 4393876 (N.D. Cal. Oct. 29, 2010) ....................6

*DNT, LLC v. Sprint Spectrum, LP*,
CIV.A. 3:09CV21, 2010 WL 582164 (E.D. Va. Feb. 12, 2010) ....................15

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
543 F.3d 665 (Fed. Cir. 2008) ....................2, 4, 5, 7

*Gorham Mfg. Co. v. White*,
81 U.S. 511 (1871) ....................1, 2, 4, 8

*Hadco Products, Inc. v. Lighting Corp. of Am.*,
312 F. Supp. 1173 (E.D. Pa. 1970),
*vacated on other grounds*, 462 F.2d 1265 (3d Cir. 1972) ......................................................14

*HR U.S. LLC v. Mizco Intern., Inc.*,
CV-07-2394(DGT)(JO), 2009 WL 890550 (E.D.N.Y. Mar. 31, 2009) .......................12, 13, 14

*In re Daniels*,
144 F.3d 1452 (Fed. Cir. 1998) ..............................................................................................14

*Itex, Inc. v. Mt. Vernon Mills, Inc.*,
05 C 6110, 2011 WL 2470343 (N.D. Ill. June 20, 2011) .......................................................11

*L.A. Gear, Inc. v. Thom McAn Shoe Co.*,
988 F.2d 1117 (Fed. Cir. 1993) ................................................................................................8

*Lakewood Engr. and Mfg. Co. v. Lasko Metal Products Inc.*,
99 C 3693, 2001 WL 1012573 (N.D. Ill. Aug. 31, 2001) .........................................................2

*Morningware, Inc. v. Hearthware Home Products, Inc.*,
09 C 4348, 2011 WL 1376920 (N.D. Ill. Apr. 12, 2011) .......................................................11

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
134 S. Ct. 2120 (2014) ..............................................................................................................9

*P. Coast Marine Windshields Ltd. v. Malibu Boats, LLC*,
739 F.3d 694 (Fed. Cir. 2014) ...................................................................................................4

*Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.*,
599 F.3d 1308 (Fed. Cir. 2010) ................................................................................................11

*Seed Lighting Design Co., Ltd. v. Home Depot*,
C 04-2291 SBA, 2005 WL 1868152 (N.D. Cal. Aug. 3, 2005) .........................................13, 14

*Times Three Clothier, LLC v. Spanx, Inc.*,
13 CIV. 2157(DLC), 2014 WL 1688130 (S.D.N.Y. Apr. 29, 2014) .......................................13

*Voltstar Technologies, Inc. v. Amazon.com, Inc.*,
13 C 5570, 2014 WL 3725860 (N.D. Ill. July 28, 2014) ......................................................6, 7

*W. Elec. Co., Inc. v. Piezo Tech., Inc.*,
860 F.2d 428 (Fed. Cir. 1988) ..................................................................................................15

*Young v. Stone*,
13 C 4920, 2014 WL 4271624 (N.D. Ill. Aug. 28, 2014) .........................................................7

**Statutes**

35 U.S.C. § 112 ........................................................................................................9, 10, 14, 15

## I. INTRODUCTION

Sears' motion for summary judgment of non-infringement should be denied because there are several genuine issues of material fact as to whether the '045 Patent and the accused Kenmore Elite grills are substantially similar in the eyes of an ordinary observer. Further, Sears has not sustained its rigorous burden of proving that the '045 Patent is invalid by clear and convincing evidence. Sears' motion should be denied.

## II. THE TESTIMONY OF SEARS' EXPERT, JIM GANDY, SHOULD BE EXCLUDED

For the reasons set forth in Weber's Summary Judgment Response on the '834 Patent, incorporated herein by reference, the testimony of Sears' purported design patent expert, Jim Gandy ("Mr. Gandy"), does not pass the *Daubert* standard. (*See also* SAF ¶¶ 1-2, 34-36).[1] His testimony should be excluded.

## III. THERE ARE GENUINE ISSUES OF MATERIAL FACT CONCERNING NON-INFRINGEMENT

Whether the accused grills infringe the '045 Patent is a question of fact, thus, summary judgment is improper unless no reasonable jury could find the '045 Patent to be infringed. *See Amini Innovation Corp. v. Anthony California, Inc.*, 439 F.3d 1365, 1371 (Fed. Cir. 2006) (reversing summary judgment of non-infringement and confirming that "conclusions about reasonable jurors are difficult to make on an issue of this factual dimension.").

A design patent is infringed "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871).

[1] Weber's Local Rule 56.1 Statement of Additional Facts is cited herein as "SAF ¶___."

The "ordinary observer" test established in *Gorham* is the "sole test for determining whether a design patent has been infringed." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 677-78 (Fed. Cir. 2008) (abandoning the point of novelty test; "unlike the point of novelty test, the ordinary observer test does not present the risk of assigning exaggerated importance to small differences between the claimed and accused designs relating to an insignificant feature…."). Sears' motion for summary judgment of non-infringement should be denied because there is substantial evidence that the '045 Patent and the accused Kenmore Elite grills are substantially the same.

**A. Sears Impermissibly Focuses on the Individual Features of the '045 Patent Rather Than on the Overall Appearance of the Claimed Design**

Despite recognizing that the point of novelty test is "now-defunct" (Sears Mem. at p. 2), Sears highlights features of the accused Kenmore Elite grills that are allegedly different from the '045 Patent by engaging in precisely the type of element-by-element analysis that the Federal Circuit rejected in *Egyptian Goddess*.[2] Applying the wrong legal standard, Sears places undue emphasis on particular features of the '045 Patent grill design and erroneously concludes that the grill shroud, along with several other individual elements of the claimed and accused designs, are "plainly dissimilar."[3] (Sears Mem. at pp. 3-7). Federal Circuit precedent mandates that this Court

[2] Peculiarly, Sears argues that expert evidence is unnecessary to find non-infringement in this case, yet not only recognizes that "expert testimony is often helpful on the question of design patent infringement," but also heavily relies on the opinions of its alleged design patent expert, Mr. Gandy, to support its non-infringement position. (Sears Mem. at pp. 3-9); *Lakewood Engr. and Mfg. Co. v. Lasko Metal Products Inc.*, 99 C 3693, 2001 WL 1012573, at *5 (N.D. Ill. Aug. 31, 2001) (expert testimony is "proper evidence upon which a jury could rely in deciding that a design patent has been infringed."). *See also Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1287 (Fed. Cir. 2002) ("[J]ury's finding of infringement was supported by substantial evidence," where the jury had the "benefit of expert testimony.").

[3] As set forth in Weber's response to Sears' summary judgment motion on the '834 Patent, the claimed lid design and the accused cover of the Kenmore Elite grills are substantially the same in view of the prior art, making summary judgment improper. Thus, Sears' assertion that the Court should grant summary

deny Sears' summary judgment motion given Sears' focus on the features of the '045 Patent in isolation. *Crocs, Inc. v. Intl. Trade Commn.*, 598 F.3d 1294, 1303 (Fed. Cir. 2010); *Amini*, 439 F.3d at 1372 (reversing summary judgment of non-infringement of design patent directed to a bed frame without reaching the point of novelty test):

> [T]he trial court mistakenly analyzed each element separately instead of analyzing the design as a whole from the perspective of an ordinary observer. The trial court is correct to factor out the functional aspects of various design elements, but that discounting of functional elements must not convert the overall infringement test to an element-by-element comparison. Thus, the trial court erred in its application of the "overall similarity" test on summary judgment. This court cannot agree on this record that "no reasonable jury could find that the designs of these two pieces of furniture are substantially similar." *Id*.

In this case, a jury could reasonably conclude that Sears' Kenmore Elite grills infringe the '045 Patent in light of the similarities between the ***overall appearance*** of the claimed and accused designs, as explained in detail by Weber's design patent infringement expert, Mr. John Holecek ("Mr. Holecek") (SAF ¶¶ 3-7, 9), and other witnesses (SAF ¶¶ 3, 9, 37-40).

### B. Any Alleged Differences Between the '045 Patent and the Accused Grills Do Not Prevent a Finding of Infringement

Sears asserts that the accused products and claimed design are plainly dissimilar by identifying alleged differences that are, ***at most***, minor. (SAF ¶ 5). But the Federal Circuit has rejected this approach, too. *Crocs*, 598 F.3d at 1303 (finding infringement, holding that "minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement.").

Mr. Holecek testified that although the accused and claimed grill designs are not "identical," the "similarities in the overall sense" of the disputed designs are "striking," and thus

---

judgment of non-infringement on the '045 Patent for "the same reasons" argued in its motion with respect to the '834 Patent is entirely unfounded. (Sears Mem. at p. 3).

an ordinary observer "would be confused by that." (SAF ¶ 5). Sears' assertion that Mr. Holecek "tellingly" failed to address the knob features of the accused grills is completely false (Sears Mem. at p. 6); Mr. Holecek explicitly stated that while the presence of the Kenmore Elite knobs marks a slight difference between the designs, the knobs are "not really prominent," do not "stand out" and are not "particularly striking in overall proportionality" as compared to other elements of the accused grills. (SAF ¶ 6). At a minimum, there is a dispute between two experts over how ordinary observers would discern the '045 Patent and the accused products. This dispute cannot be resolved on summary judgment.

By focusing on design subtleties, Sears effectively and incorrectly argues that infringement requires the accused Kenmore Elite grills and the claimed design to be identical:

> [I]f the test for infringement required the accused design to reproduce all elements of the patented design, "[t]here never could be piracy of a patented design, for human ingenuity has never yet produced a design, in all its details, exactly like another, so like, that an expert could not distinguish them."

*P. Coast Marine Windshields Ltd. v. Malibu Boats, LLC*, 739 F.3d 694, 701 (Fed. Cir. 2014) (quoting *Gorham*, 81 U.S. at 527) (reversing summary judgment of non-infringement; "the test for design patent infringement is not identity, but rather sufficient similarity.").

Here, Weber has submitted abundant evidence that the alleged differences between the claimed design of the '045 Patent and the accused grills are insubstantial, thereby creating a fact issue unsuitable for resolution on summary judgment.

**C. The Prior Art Cited by Sears Supports a Finding of Infringement**

The Federal Circuit holds that "[t]he context in which the claimed and accused designs are compared, i.e., the background prior art, provides…a frame of reference and is therefore ***often useful in the process of comparison***." *Egyptian Goddess*, 543 F.3d at 677 (emphasis added):

> When the differences between the claimed and accused design are viewed in light of the prior art, the attention of the hypothetical ordinary observer will be drawn to

> those aspects of the claimed design that differ from the prior art…***If the accused design has copied a <u>particular feature</u> of the claimed design that departs conspicuously from the prior art, the accused design is naturally more likely to be regarded as deceptively similar to the claimed design, and thus infringing***.

*Id.* at 676-77 (emphasis added).

In this case, an ordinary observer considering the prior art would be **<u>more likely</u>** to regard the accused and claimed designs as "deceptively similar" because the designs share a distinct and prominent feature that "departs conspicuously from the prior art," *id.* at 677: metal bands bordering the edges of the grill shroud with evenly-spaced, exposed rivets. (SAF ¶ 7). <u>None</u> of the grill designs identified in Sears' brief includes the pronounced riveted metal bands.[4] (SAF ¶ 8). In fact, Sears' alleged design patent expert, Mr. Gandy, concedes that "the inner bands with spaced protrusions and the horizontal handle" in the claimed design of the '045 Patent and the accused grills "have an appearance similar to each other." (SAF ¶ 7).

The ordinary observer's attention "will be drawn to those aspects [the uniformly spaced, exposed rivets] of the claimed design that differ from the prior art" cited by Sears. *Egyptian Goddess*, 543 F.3d at 676. Thus, the accused Kenmore Elite grills are "naturally more likely to be regarded as deceptively similar" to the claimed features of the '045 Patent. *Id.* at 677. *See also Braun Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 820 (Fed. Cir. 1992) (affirming infringement).

Sears also argues that Weber improperly focuses on the riveted band element <u>from only the front view</u>. (Sears Mem. at p. 3). As an initial matter, Sears is conclusively wrong – in its

[4] There is a factual dispute as to whether the BBQ Pro and Permasteel grills constitute prior art at all; **Sears' assertion that these grills were sold prior to March 27, 2006** (Sears S56.1 at ¶¶ 13-14), **<u>conflicts with the sworn testimony of</u>** [redacted] **<u>and others</u>**. (SAF ¶ 9). Additionally, for the same reasons as set forth in Weber's response to Sears' summary judgment motion on the '834 Patent, the riveted band feature common to both the claimed design of the '045 Patent and the accused grills "departs conspicuously" from the Permasteel and BBQ Pro grills. *Egyptian Goddess*, 543 F.3d at 677. (SAF ¶¶ 7-12).

Final Infringement Contentions, for example, Weber asserted that the accused products embodied the patented design from the viewpoint of <u>all five claimed figures</u> of the '045 Patent. (SAF ¶ 13). Conversely, Sears' motion for summary judgment failed to present <u>all views</u> of the prior art when comparing the accused and claimed designs to the alleged prior art. *See Dioptics Med. Products, Inc. v. IdeaVillage Products Corp*., CV 08-03538 PVT, 2010 WL 4393876, at *3 (N.D. Cal. Oct. 29, 2010):

> [Defendant's] attempt to show that its accused products are "more similar" to the prior art than to the patented designs suffers from at least one major deficiency in that it has not presented all views of the prior art, and thus it has based its argument on an incomplete comparison. For example, with regard to the Stables '083 prior art, consideration of the front view shows a potentially significant difference between the prior art and both the accused product and the patent-in-suit [directed to "fit-over" sunglasses]…In this particular regard the accused product is clearly more similar to the patented design. ***Because an ordinary observer might find the front view of fit-over sunglasses to be a primary consideration, there is a genuine issue of material fact that would preclude summary judgment***, much less outright dismissal.

(emphasis added). With respect to <u>all but two</u> of the alleged prior art references, namely the Chung '057 and Coleman '359 prior art references (neither of which depict the riveted band feature), Sears provided <u>only</u> a perspective view. (SAF ¶¶ 14, 16). An ordinary observer may find the front, rear and/or side views to be primary considerations under the ordinary observer test. *See Dioptics*, 2010 WL 4393876 at *3. Thus, "there is a genuine issue of material fact that would preclude summary judgment." *Id*. at *3.

**D. Sears' Case Law is Distinguishable From This Case**

Sears relies on a citation from *Voltstar* for the proposition that "[c]ourts consistently grant summary judgment based solely on differences between the accused and patented designs." (Sears Mem. at p. 2). However, Sears' argument is misleading – in *Voltstar*, this Court stated that "it can be difficult to answer the question whether one thing is like another" without reviewing the prior art, and then proceeded to analyze the accused and claimed designs in light of the relevant prior

art. *Voltstar Technologies, Inc. v. Amazon.com, Inc*., 13 C 5570, 2014 WL 3725860, at *2 (N.D. Ill. July 28, 2014) (quoting *Egyptian Goddess,* 543 F.3d at 676–77).

Additionally, in *Voltstar,* defendant's accused product was patented; thus, plaintiff's expert report was "particularly unhelpful" and "insufficient to create a disputed statement of material fact for trial" because it compared "photographs of the embodiment of [defendant] Amazon's design to [plaintiff] Voltstar's CAD patent" rather than analyzing plaintiff's and defendant's design patents "drawing-to-drawing." *Id*. at *4. In this case, however, Sears has no design patent protection on the accused Kenmore Elite grills. (SAF ¶ 15). Therefore, unlike plaintiff's expert report in *Voltstar*, Mr. Holecek's report is significantly more helpful and creates a "disputed statement of material fact for trial" as to infringement. *Id*. (SAF ¶¶ 3-7). Also, the accused and claimed designs in this case both share a prominent feature (a riveted band on each side of the grill lid) that departs conspicuously from the prior art, unlike in *Voltstar*:

> [I]t is clear to any would-be observer [familiar with the prior art] that the Amazon and Voltstar products have significant differences in the way they taper…***If both the Amazon and Voltstar designs had tapered in the same way, then an inference of infringement might arise***. *Egyptian Goddess,* 543 F.3d at 677 ("If the accused design has copied a particular feature of the claimed design that departs conspicuously from the prior art, the accused design is naturally more likely to be regarded as deceptively similar to the claimed design...."). ***This is not the case here***.

2014 WL 3725860 at *4 (emphasis added). Sears also improperly relies on *Young v. Stone,* 13 C 4920, 2014 WL 4271624 (N.D. Ill. Aug. 28, 2014). (Sears Mem. at pp. 6-7). Unlike here, "<u>**all**</u> of the prior art" cited in *Young* shared an integral feature, namely "spaced disks" to hold a golf ball, that was present in the claimed and accused designs; thus, that element could not serve as a basis for infringement. *Id.* at *3 (emphasis added). Still further, the spaced disks between the two designs "contribute[d] to the overall differences in appearance" of the disputed products, *id*.,

whereas here, it is undisputed that the riveted bands on the '045 Patent and the accused Kenmore Elite grills "have an appearance similar to each other." (SAF ¶¶ 7, 9-10).

### E. The Accused Product is a Copy of Weber's Commercial Embodiment

Directly comparing the accused product with plaintiff's commercial embodiment is "not error" and "may facilitate application of the *Gorham* criterion of whether an ordinary purchaser would be deceived into thinking that one were the other." *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1125-26 (Fed. Cir. 1993) (affirming infringement; citation omitted); *Braun*, 975 F.2d at 821 (affirming infringement; "[n]othing in *Gorham* suggests that, in finding design patent infringement, a trier of fact may not as a matter of law rely exclusively or primarily on a visual comparison of the patented design, as well as the device that embodies the design, and the accused device's design."). In this case, Sears' accused grill has substantially the same appearance as Weber's Genesis grill (i.e., the commercial embodiment of the '834 and '045 Patents). (SAF ¶¶ 3-7, 9-10, 13, 37-40).

Additionally, evidence of Sears' intent to copy Weber's patented designs, along with other likelihood of confusion evidence supporting Weber's trade dress infringement claim, should be considered in connection with this motion as well. *Arner v. Sharper Image Corp.*, CV 94-1713 ABC (BOR), 1995 WL 873730, at *13 (C.D. Cal. Oct. 5, 1995) (denying summary judgment of non-infringement; "[m]uch of the same evidence discussed…under the rubric of trade dress infringement applies" in the design patent infringement context). *See also L.A. Gear*, 988 F.2d at 1125-26 (rejecting defendants' argument that the district court improperly referred to its "findings on likelihood of confusion relative to the trade dress issue" in the portion of its opinion relating to design patent infringement). As discussed at length in Weber's summary judgment response on its trade dress claim, there is substantial evidence supporting a finding of likelihood of confusion, which requires denial of summary judgment here as well. (SAF ¶¶ 3, 9, 37-40).

## IV. THERE ARE GENUINE ISSUES OF MATERIAL FACT CONCERNING INVALIDITY

### A. The ‘045 Patent is Not Invalid as Non-Enabling and Indefinite

A patent claim is not invalid for indefiniteness under 35 U.S.C. § 112 if the claim, “read in light of the specification delineating the patent, and the prosecution history,” informs “with reasonable certainty, those skilled in the art about the scope of the invention.” *Nautilus, Inc. v. Biosig Instruments, Inc*., 134 S. Ct. 2120, 2124 (2014). The Supreme Court recognized that “some modicum of uncertainty” must be permitted given the “inherent limitations of language” and the fact that “absolute precision is unattainable.” *Id*. at 2128-29. *See also Apple, Inc. v. Samsung Electronics Co., Ltd*., 932 F. Supp. 2d 1076, 1088 (N.D. Cal. 2013) (design patents not invalid for indefiniteness: “definiteness does not require that persons of skill in the art be able to clearly describe the designs in words; they must simply be able to replicate the patented design and understand what is claimed.”).

To prevail on summary judgment, Sears must show not only that there is no factual dispute as to whether the drawings of the ‘045 Patent are inconsistent, but also that the alleged inconsistencies are so substantial that the overall appearance of the claimed design is unclear. Bearing in mind that “patents are ‘not addressed to lawyers, or even to the public generally,’ but rather to those skilled in the relevant art,” *Nautilus*, 134 S. Ct. at 2128, Sears has failed to prove indefiniteness by clear and convincing evidence. *See Australia Vision Services Pty. Ltd. v. Dioptics Med. Products, Inc*., 29 F. Supp. 2d 1152, 1159 (C.D. Cal. 1998) (denying summary judgment for invalidity under 35 U.S.C. § 112 because “there is a factual dispute whether the drawings can enable a person skilled in the art to replicate the patented design.”).

### 1. The Features Claimed in the '045 Patent are Consistently Displayed in the Drawings

Sears contends (incorrectly) that the '045 Patent is non-enabling and indefinite because various elements depicted in the figures of the claimed design are not consistently displayed. (Sears Mem. at pp. 10-12). But, as Weber's design patent expert, J. Michael Alden ("Mr. Alden"), explained, any purported inconsistencies are due to the perspective of each cited figure of the '045 Patent. (SAF ¶¶ 17-20). Sears' alleged sources of indefiniteness concern how the drawings of the '045 Patent are presented, rather than the nature of the claimed design – "[t]hese ambiguities are not fatal to patents that this Court must view with a strong presumption of validity." *Apple,* 932 F. Supp. 2d at 1088. For this reason alone, there is a genuine dispute as to whether there are any inconsistencies or ambiguities in the drawings of the '045 Patent. *Antonious v. Spalding & Evenflo Companies., Inc*., 217 F.3d 849, at *8 (Fed. Cir. 1999) (reversing summary judgment of invalidity under § 112 where discrepancies between the drawings were due to the perspective used):

> We are satisfied…that the "squashed" appearance of Figure 4 compared to the corresponding Figures 2 and 3 in each patent is ***due to the perspective used*** in drawing the figure. That perspective also accounts for the failure of Figure 4 of the '056 patent to indicate the triangular top ridge shown in Figure 2 of that patent.

(emphasis added); *Apple*, 932 F. Supp. 2d at 1086 (finding design patent not indefinite due to differing use of perspective):

> Regarding the differently oriented drawings in the D'889 Patent, the Court sees nothing inconsistent about these drawings. They show a device facing different directions, but there is no place in which an identifiable feature of the design appears in two different places in two different figures, ***taking into account the rotation of the object*** depicted.

(emphasis added).

Weber respectfully requests that this Court reconsider its decision that the alleged inconsistency in the drawings of the '045 Patent with respect to the horizontal edge along the side panels of the grill cart is not a matter of perspective.[5] (*See* Claim Const. Order, Dkt. 235 at p. 25).

The fact that the horizontal edge "may be invisible" in Figure 1 of the '045 Patent due to the "orientation of the drawing does not make it impossible to determine whether or not the feature is part" of the claimed design. *Apple,* 932 F. Supp. 2d at 1086. Mr. Alden's testimony and supporting CAD materials confirm that the offset double line comprising the horizontal edge is visible in Figures 4 and 5 of the '045 Patent, but not Figure 1, solely as a result of the orientations of the drawings. (SAF ¶¶ 18, 20). As in *Antonious*, the "squashed appearance" of the horizontal edge in Figure 1 of the '045 Patent compared to Figures 4 and 5 is "due to the perspective used in drawing the figure," which accounts for the failure of Figure 1 to illustrate the offset portion of the horizontal edge. 217 F.3d at *8. (SAF ¶¶ 18, 20).

In view of the foregoing, there is substantial evidence refuting Sears' assertion that there are inconsistencies in the claimed design of the '045 Patent, requiring denial of Sears' motion for summary judgment of invalidity.

#### 2. Alleged Inconsistencies in the Claimed Design are Inconsequential

Sears identifies purported differences in features illustrated in the drawings of the '045 Patent that are, ***at most***, insubstantial. (SAF ¶¶ 21-22):

---

[5] It is not uncommon for this Court to reconsider or modify a previous claim construction ruling. *See Itex, Inc. v. Mt. Vernon Mills, Inc*., 05 C 6110, 2011 WL 2470343, at *2 (N.D. Ill. June 20, 2011) ("In the context of patent cases,…'district courts may engage in a ***rolling claim construction***, in which the court revisits and alters its interpretation of the claim terms as its ***understanding of the technology evolves***.'") (quoting *Pressure Prods. Med. Supplies, Inc. v. Greatbatch Ltd.,* 599 F.3d 1308, 1316 (Fed. Cir. 2010); emphasis added); *Morningware, Inc. v. Hearthware Home Products, Inc*., 09 C 4348, 2011 WL 1376920, at *2 (N.D. Ill. Apr. 12, 2011) (same).

> Q And is it your testimony that even considering Mr. Gandy's incorrect analysis as far as the alleged inconsistencies, even if you accept those as true, are they consequential or inconsequential to the overall design of the…'045 patent[]?
>
> * * *
>
> A I would say even if they were true, which they're not, they would be inconsequential.

(SAF ¶ 21). *HR U.S. LLC v. Mizco Intern., Inc*., CV-07-2394(DGT)(JO), 2009 WL 890550, at *6 (E.D.N.Y. Mar. 31, 2009) (denying summary judgment on invalidity; "in order for a design patent to be invalidated for indefiniteness, errors and inconsistencies in the patent drawings must be ***material and of such magnitude*** that the overall appearance of the design is unclear.") (emphasis added). Further, Sears erroneously places undue emphasis on particular features of the '045 Patent rather than focusing on the overall design. (SAF ¶ 19). *See Am. Bev. Corp. v. Diageo N.A., Inc*., 936 F. Supp. 2d 555, 590 (W.D. Pa. 2013).

Importantly, Sears' alleged expert, Mr. Gandy, fails to explain "why a person of skill in the art would not look to the multiple views" of the '045 Patent that consistently display the disputed features to overcome the alleged inconsistencies in the claimed design. (SAF ¶¶ 21, 23-26). *Mizco*, 2009 WL 890550 at *8:

> Although Figure 1 shows the top of the base as straight, the top of the base is curved in Figures 4 and 5. Similarly, despite the fact that Figure 5 appears to place the side arms toward the top of the base, Figures 1, 4, and 6 all show the side arms toward the bottom of the base. Again, ***defendants' [<u>three</u>] experts do not explain why a person of skill in the art would not look to the multiple views that are consistent***.

(emphasis added). This approach is recognized by the Federal Circuit, and provides a strong basis for denying summary judgment in this case. *Antonious*, 217 F.3d at *8 (reversing summary judgment of invalidity):

> We conclude that a person of skill in the art would primarily look to Figures 2 and 3 to determine the shape of the weight bar, and any associated discrepancies in Figure 4 would not be sufficient to preclude such a person from gaining an overall understanding of the total substance of the designs.

Mr. Gandy himself even <u>implicitly acknowledges</u> that multiple views of the '045 Patent are consistent:

> ***[T]he bottom edge of the side panel [is] shown in Figures 4 and 5***, but not in Figure 1….
>
> * * *
>
> [I]n Figure 5 the vertical edge directly below the bottom edge of the grill cover has a diagonally upwardly sloping top portion that connects to the bottom edge of the grill cover, whereas ***in Figures 1, 2, and 4, the corresponding vertical edge does not include a diagonally upwardly sloping top portion; rather in the latter three figures the line appears to straight up with no diagonal slope***.

(SAF ¶ 27; emphasis added).

### 3. Sears' Examples of Summary Judgment Underscore Why Summary Judgment is Inapposite in This Case

Sears' reliance on *Times Three Clothier* (Sears Mem. at pp. 9-10, 12) is misplaced. In *Times Three Clothier*, plaintiff <u>ignored</u> the fact that the '558 Patent <u>explicitly stated</u> that the claimed figures depicted "two different embodiments." (SAF ¶ 28). *Times Three Clothier, LLC v. Spanx, Inc.*, 13 CIV. 2157(DLC), 2014 WL 1688130, at *7 (S.D.N.Y. Apr. 29, 2014). However, the drawings of the '045 Patent depict <u>one embodiment</u> of a grill. (SAF ¶ 29). Sears' assertion that Mr. Alden engaged in "impermissible cherry picking," therefore, is clearly wrong. (Sears Mem. at p. 12, n. 3). Still further, the '558 Patent in *Times Three Clothier* consisted primarily of the straight/angled ornamental line in dispute (SAF ¶ 28), whereas the '045 Patent claims <u>several</u> ornamental features in addition to the elements that Sears asserts are inconsistent. (SAF ¶ 29).

Additionally, Sears' citation to *Seed Lighting* is misplaced. (Sears Mem. at pp. 10, 13). The plaintiff in *Seed Lighting* did not "identify a ***single piece of evidence or testimony*** that would demonstrate to the Court that a person skilled in the art would understand the bounds" of the patent-at-issue. *Seed Lighting Design Co., Ltd. v. Home Depot*, C 04-2291 SBA, 2005 WL 1868152, at *9 (N.D. Cal. Aug. 3, 2005) (emphasis added). Even the <u>inventor</u> of the claimed design agreed "that the patent drawings are flawed and unclear." *Id*. *Mizco*, 2009 WL 890550 at *8 (recognizing

that the inventor's "admissions appear to have been critical to the court's decision in *Seed Lighting*."). Unlike *Seed Lighting*, Weber has submitted detailed expert testimony that one of ordinary skill in the art could reasonably ascertain the scope of the claimed design of the '045 Patent, *supra* Section IV(A)(1)-(2). Also, <u>none</u> of the named inventors of the '045 Patent indicated that the patented drawings were unclear. (SAF ¶ 30).

Whereas "[t]he bare, unsupported belief of Seed Lighting's *counsel* that the vagaries" were "insubstantial" was insufficient "to overcome summary judgment," *Seed Lighting*, 2005 WL 1868152 at *9, here, the extensive <u>evidence</u> Weber has produced establishes, at a minimum, that there is a genuine dispute regarding whether the purported inconsistencies in the drawings of the '045 Patent are "of such magnitude that the overall appearance of the design is unclear." *Mizco*, 2009 WL 890550 at *6. Thus, Sears' summary judgment motion of should be denied.

### B. The '045 Patent is Not Invalid for Failing to Comply with the Written Description Requirement

Contrary to Sears' assertions, Mr. Alden explained that "the figures in parent application no. 29/256,991 necessarily describe the alleged new matter" identified by Sears (SAF ¶ 31), which comports with Federal Circuit precedent. *See In re Daniels*, 144 F.3d 1452, 1456 (Fed. Cir. 1998) (finding subject matter in design patent was contained in earlier application; "[w]hen the earlier disclosure is less than clear on its face, courts have explained that the prior application must 'necessarily' have described the later claimed subject matter.").

In challenging the validity of the '045 Patent under § 112, Sears bears an especially heavy burden given the "considerable weight" that must be afforded the examiner's decision to issue the '045 Patent. *Hadco Products, Inc. v. Lighting Corp. of Am.*, 312 F. Supp. 1173, 1183 (E.D. Pa. 1970), *vacated on other grounds*, 462 F.2d 1265 (3d Cir. 1972) (finding design patent not invalid under § 112) ("[T]he action of the Patent Office in permitting an amendment constitutes an implicit

determination that no new matter is included therein."). The examiner's acceptance of Weber's amended '045 Patent drawings "is entitled to special weight and should not be disturbed unless clearly erroneous."[6] *Australia Vision Services*, 29 F. Supp. 2d at 1159. Thus, the prosecution history of the '045 Patent also establishes that the drawings of the '045 Patent comply with 35 U.S.C. § 112. (SAF ¶¶ 32-33).

As in *Australia Vision Services*, there is a genuine dispute as to whether the disputed features were altered between the original disclosure in parent application no. 29/256,991 and the claimed figures of the '045 Patent. 29 F. Supp. 2d at 1160. There is also a material issue of fact in dispute regarding whether any alleged alterations "vary so significantly from the original design…to represent new matter." *Id.* Given the multiple layers of disputed facts on this issue, summary judgment is improper.

## V. CONCLUSION

For the foregoing reasons, the Court should deny Sears' motion for summary judgment of non-infringement and invalidity of the '045 Patent.

---

[6] The Court should completely disregard Sears' contention that the '834 and '045 Patents are a "mess" and Mr. Gandy's testimony that the "examiner did a real disservice to the patentees in these two patents." (Sears Mem. at p. 14). The Federal Circuit strongly condemns testimony that alleges incompetence of the USPTO or its examiners. *W. Elec. Co., Inc. v. Piezo Tech., Inc.*, 860 F.2d 428, 432-33 (Fed. Cir. 1988) ("Patent examiners are quasi-judicial officials…It is no more appropriate to question a patent examiner's technical expertise than it is to question the quality of a judge's law school education or judicial experience. Furthermore, ***questions that might discredit an examiner are irrelevant because it is not the particular examiner's expertise that gives the decisions presumptive correctness but the authority duly vested in him by his appointment as a patent examiner***.") (emphasis added). *See also DNT, LLC v. Sprint Spectrum, LP*, CIV.A. 3:09CV21, 2010 WL 582164, at *4 (E.D. Va. Feb. 12, 2010) ("[N]egative, direct, or ***individualized attack[s] on the patent examiner***…or a generalized attack on the entire PTO…***would not be appropriate***.") (emphasis added).

Respectfully submitted,

*<u>/s/ Raymond P. Niro, Jr.</u>*

Raymond P. Niro, Jr.
Matthew G. McAndrews
Kyle D. Wallenberg
NIRO McANDREWS, LLC
200 W. Madison Street, Suite 2040
Chicago, IL 60606
(312) 755-8575
Fax: (312) 674-7481
rnirojr@niro-mcandrews.com
mmcandrews@niro-mcandrews.com
kwallenberg@niro-mcandrews.com

*Attorneys for Plaintiff,*
WEBER-STEPHEN PRODUCTS LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 8, 2015 the foregoing:

**WEBER'S RESPONSE TO SEARS' MOTION FOR SUMMARY JUDGMENT ON WEBER'S '045 DESIGN PATENT FOR NON-INFRINGEMENT AND INVALIDITY**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.

Paul R. Garcia
Jordan Arnot
PARTRIDGE & GARCIA P.C.
321 N. Clark Street, Suite 720
Chicago, IL 60654
(312) 634-9517
pgarcia@partridgegarcia.com
jarnot@partridgegarcia.com

David R. Yohannan
Stephen R. Freeland
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC 20007
(202) 342-8400
dyohannan@kelleydrye.com
sfreeland@kelleydrye.com

*/s/ Raymond P. Niro, Jr.*
*Attorney for Plaintiff,*
WEBER-STEPHEN PRODUCTS LLC