# EXHIBIT 9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WEBER-STEPHEN PRODUCTS LLC,<br><br>                  Plaintiff,<br><br>   v.<br><br>SEARS HOLDINGS CORPORATION,<br><br>                  Defendant. | Civil Action No. 13-cv-1686<br><br>Hon. Edmond E. Chang<br><br>Magistrate Judge Michael T. Mason |

### SEARS' FINAL UNENFORCEABILITY AND INVALIDITY CONTENTIONS

Pursuant to Local Patent Rule 3.1, Sears Holdings Corporation respectfully provides its final unenforceability and invalidity contentions to Weber-Stephen Products LLC. As explained below and in the accompanying Exhibits A - GG, U.S. Patent No. 8,347,874 B2 (the '874 patent), U.S. Patent No. D564,834 S (the '834 patent"), or U.S. Patent No. D609,045 S (the '045 patent) are invalid, and the '874 patent is unenforceable due to the commission of inequitable conduct by Weber.

Sears' contentions contained herein are based on its current understanding of the claims of the patents in suit. Sears reserves all rights to supplement and/or amend its contentions depending on Weber's claim construction positions and the Court's claim construction order. In addition, these contentions are based upon the limited information Weber has provided to date, as well as information publicly available to Sears. Indeed, Weber has not come close to fulfilling its obligations to produce documents in response to Sears' discovery requests or as required by the Local Rules. Sears' investigation of Weber's allegations and the invalidity of the asserted patents is ongoing. Sears reserves the right to supplement and modify these contentions as new information becomes available.

1

a silver or a metallic color and the thickness of the side panel is shown to be a dark color, whereas Figure 6 of the '834 patent does not show this contrast. Furthermore, in Figure 7 of the original disclosure the inwardly extending band and spaced protruding fasteners appear to be a silver or a metallic color and the thickness of the side panel is shown to be a dark color, whereas Figure 7 of the '834 patent does not show this contrast. Nowhere in the application, as originally filed, nor during the examination process, did applicants indicate that the color contrast shown in the original disclosure was not considered to be an integral part of the design claimed.

Pursuant to Local Patent Rules 3.1 and 2.3(b)(4), with specific reference to the '834 patent and Exhibit DD, Sears contends that the '834 patent is invalid under 35 USC S 112 (a) and (b) as the claimed design is not described in such full, clear, concise, and exact terms as to enable any person skilled in the art to make and use the same, and fails to particularly point out and distinctly claim the subject matter which the applicant regards as the invention. The claim is non-enabling and indefinite due to the lack of clarify and understanding of various features of the claimed design in the drawings. Specifically, as shown in the Figures 1, 2, and 4 of the drawing, the rear hinge member is shown as a flat surface devoid of any counter. The hinge member as viewed from the side in Figures 1, 2, and 4 appears to be a flat surface, with a slightly sloping top edge. However, in Figures 5 and 7 the outer side edge of the hinge member has a diagonally inwardly sloping surface that merges with a vertical surface, which is in conflict with Figures 1, 2, and 4. Furthermore, in Figure 5, the bottom of the hinge appears to be a solid flat surface. However, as shown in Figure 6, the hinge member has a horizontal top portion that merges with a downwardly extending vertical edge, which is in conflict with the Figure 5 illustration. Furthermore, as shown in Figures 2 and 4, the bracket has a gentle sloping diagonal top edge, whereas in Figure 6, the top edge appears to be horizontally straight. Due to these

35

inconsistencies, it is unclear what the exact shape and appearance of the rear hinge member forming part of the patented design is intended to be, and one skilled in the art would not be able to understand the bounds of the claim in light of the specification.

Pursuant to Local Patent Rules 3.1 and 2.3(b)(4 ), with specific reference to the '834 patent and Exhibit EE, Sears contends that the '834 patent is invalid pursuant to 35 U.S.C. § 112(a) as failing to comply with the description requirement thereof since the drawings of the '834 patent introduces new matter not supported by the original disclosure. The original disclosure does not reasonably convey to a designer of ordinary skill in the art that applicant was in possession of the design now claimed at the time the earlier application was filed. Specifically, there is no support in the original photographs for the structure of the rear hinge member disclosed in Figure 6 of the '834 patent. In Figure 6 of the original disclosure it cannot be determined what the shape and appearance of the rear hinge member is due to the solid black illustration. However, in Figure 6 of the '834 patent the rear hinge members have an inverted "L" shape comprising a top horizontal edge merging with a downwardly extending vertical edge. Nowhere in the original disclosure can this specific shape be found. On the contrary, Figures 1, 2, and 4 of the original disclosure show a rear hinge member that appears to be a flat surface, having a slightly diagonally curved top edge. Furthermore, Figures 5 and 7 of the original disclosure show a rear hinge member that has a diagonally inwardly sloping edge that merges with a vertical edge. Therefore, the specific shape and appearance of the rear hinge member shown in Figure 6 of the '834 patent has no support in the views of the original disclosure.

With specific reference to the '045 patent and Exhibit FF, Sears contends that the '045 patent is invalid pursuant to 35 U.S.C. § 112(a) as failing to comply with the description requirement thereof since the drawings of the '045 patent introduce new matter not supported by

36

the parent application no. 29/256,991 (hereafter the "parent application"). Specifically, upon information and belief,[*] and as can be understood, the center portion of the outwardly extending shelves, as shown in Figure 1(a) of the parent application, are slightly recessed down and inwardly from the peripheral frame of the shelves, so that a distinct edge can be seen defining the center portion from the peripheral frame. However, Figures 1, 2, 3, and 5 of the '045 patent do not show this edge or that the center portion of the outwardly extending shelves is recessed down and in from the peripheral frame. On the contrary, as shown in Figures 1, 2, 3, and 5 of the '045 patent, the peripheral frame and center portion of the outwardly extending shelves has a continuous uniform appearance. Additionally, as can be understood from Figure 1(a) of the parent application, the inner peripheral edge of the outwardly extending shelves projects slightly outwardly from the center panel below the grill cover defining a raised edge. However, in Figures 1 and 2 of the '045 patent the inner peripheral edge of the outwardly extending shelves is continuous with the center panel below the grill cover, and does not define a raised edge. Furthermore, as can be understood from Figure 1(a) of the parent application, the inwardly extending bands of the side panels of the grill cover are raised up slightly above the center portion of the grill cover. However, as shown in Figures 1, 2, and 3 of the '045 patent, the center portion of the grill cover and the inwardly extending bands of the side panels have a continuous uniform appearance, with no defined raised edge. In addition, as can be understood, from Figure 4(a) of the parent application, the side surface directly below the bottom edge of the grill cover appears to be contoured and does not have a flat appearance as is shown in Figures 1, 4, and 5 of

---

[*] The claimed design contained in application no. 29/256,991 appears to be a series of photographs, however the copies available from the United State Patent and Trademark office are of poor quality and the design claimed is difficult to discern. For example, it is not possible to determine from the currently available photocopies of the original photographs whether a contrasting color scheme was disclosed as an integral part of the claimed design in application no. 29/256,991. In addition, the bottom half of the grill is not visible. Weber has not yet produced a legible copy of application No. 29/256,991. Accordingly, Sears reserves its rights to amend this contention upon Weber's production of the original application.

the '045 patent. Moreover, as can be understood from Figure 3(a) of the parent application, the rear hinge members, as well as the structure above the pattern of openings differs from the hinge members and the structure above the pattern of openings shown in Figure 3 of the '045 patent. In view of the above differences between the photographs in the parent application and the drawings in the '045 patent, the claimed design of the '045 patent fails to comply with the written description requirement of 35 U.S.C. § 112(a).

With specific reference to the '045 patent and Exhibit GG, pursuant to Local Patent Rules 3.1 and 2.3(b)(4 ), Sears contends that the '045 patent is invalid under 35 USC S 112 (a) and (b) as the claimed design is not described in such full, clear, concise, and exact terms as to enable any person skilled in the art to make and use the same, and fails to particularly point out and distinctly claim the subject matter which the applicant regards as the invention. The claim is non-enabling and indefinite due to the lack of clarify and understanding of various features of the claimed design in the drawings. Specifically, as shown in the Figure 3 of the drawing, there is internal structure shown in solid lines in the open areas to the left and the right of the firebox which are incapable of being understood as to what they are intended to represent. Furthermore, the exact shape and appearance of the horizontal member shown extending across the rear of the grill cover in Figure 3 cannot be determined in the absence of additional views. In addition, the exact shape and configuration of the rectangular structure shown behind the horizontal bar in Figure 3 cannot be determined in the absence of additional views. In addition, the bottom horizontal line shown in Figures 4 is not shown in Figure 1, and in the absence of any additional disclosure it cannot be understood what the bottom horizontal line shown in Figure 4 and 5 are intended to represent. In addition, the outer edge of the outwardly extending panel on the left side of the design in figure 1 has a much greater convex curvature than the corresponding edge in

Figures 2 and 3. Due to this inconsistency between Figures 1, 2, and 3, it is unclear what the exact contour of the outer edge of the outwardly extending panels is intended to be. Furthermore, in Figure 5 the vertical edge directly below the bottom edge of the grill cover has a diagonally upwardly sloping top portion that connects to the bottom edge of the grill cover. However, as shown in Figures 1, 2, and 4, the corresponding vertical edge does not include a diagonally upwardly sloping top portion. Additionally, in Figures 4 and 5, the rear edge that extends up above the outwardly extending shelves includes a vertical portion that connects with an outwardly sloping diagonal edge which in turn connects to an outer vertical edge. However, as shown in Figures 1 and 3, the outwardly sloping diagonal edge is horizontally straight. Moreover, the appearance of the rear hinge member shown in Figures 4 and 5 does not correspond to the appearance of the rear hinge member in Figure 3, and it cannot be determined from these three views what the exact configuration of the rear hinge members are intended to be, and one skilled in the art would not be able to understand the bounds of the claim in light of the specification.

      D.      **Invalidity of the '045 Patent Based on Section 120**

Since the claimed design of the '045 patent does not meet the written description requirements of 35 U.S.C. § 112(a), the '045 patent is not entitled to the March 27, 2006, priority date of the parent application pursuant to 35 U.S.C. § 120 (as described *supra*). Sears contends that the '045 patent is invalid pursuant to 35 U.S.C. § 102(b), as being clearly anticipated by the Weber Genesis grill which was offered for sale as early as October 2006. See WEBER007666-7672. The Weber Genesis grill was on sale more than one year prior to the February 5, 2008, application date of the '045 patent. Accordingly, the '045 patent is invalid pursuant to 35 U.S.C. § 102(b).

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing SEARS' FINAL UNENFORCEABILITY AND INVALIDITY CONTENTIONS, including Exhibits A-GG, were served by email this 9th day of October 2013 on:

>Raymond P. Niro
>Raymond P. Niro, Jr.
>Brian E. Haan
>NIRO, HALLER & NIRO
>181 W. Madison, Suite 4600
>Chicago, IL 60602
>(312) 236-0733
>RNiro@nshn.com
>RNiroJr@nshn.com
>BHaan@nshn.com

>/s/ Paul R. Garcia
>Paul R. Garcia

| Invalidity Under 35 USC § 112 (a) and (b) | Description of Claimed Design in '834 Patent |
|---|---|
| As shown in the Figures 1, 2, and 4 of the drawing, the rear hinge member is shown as a flat surface devoid of any counter. The hinge member as viewed from the side in Figures 1, 2, and 4 appears to be a flat surface, with a slightly sloping top edge. However, in Figures 5 and 7 the outer side edge of the hinge member has a diagonally inwardly sloping surface that merges with a vertical surface, which is in conflict with Figures 1, 2, and 4. |  |

SEARS' OCTOBER 9, 2013 FINAL UNENFORCEABILITY AND INVALIDITY CONTENTIONS
EXHIBIT DD

| Invalidity Under 35 USC § 112 (a) and (b) | Description of Claimed Design in '834 Patent |
|---|---|
| In Figure 5, the bottom of the hinge appears to be a solid flat surface. However, as shown in Figure 6, the hinge member has a horizontal top portion that merges with a downwardly extending vertical edge, which is in conflict with the Figure 5 illustration. |  |
| As shown in Figures 2 and 4, the bracket has a gentle sloping diagonal top edge, whereas in Figure 6, the top edge appears to be horizontally straight. | |

SEARS' OCTOBER 9, 2013 FINAL UNENFORCEABILITY AND INVALIDITY CONTENTIONS
EXHIBIT EE

| Original Disclosure | Invalidity Under 35 USC § 112 (a) | Description of Claimed Design in '834 Patent |
|---|---|---|
| Figure 6 | In Figure 6 of the original disclosure it cannot be determined what the shape and appearance of the rear hinge member is due to the solid black illustration. However, in Figure 6 of the '834 patent the rear hinge members have an inverted "L" shape comprising a top horizontal edge merging with a downwardly extending vertical edge. Nowhere in the original disclosure can this specific shape be found. | FIG. 6 |
| Figure 1, Figure 2, Figure 4 | Figures 1, 2, and 4 of the original disclosure show a rear hinge member that appears to be a flat surface, having a slightly diagonally curved top edge. Therefore, the specific shape and appearance of the rear hinge member shown in Figure 6 of the '834 patent has no support in the views of the original disclosure. | FIG. 6 |

SEARS' OCTOBER 9, 2013 FINAL UNENFORCEABILITY AND INVALIDITY CONTENTIONS
EXHIBIT EE

| Original Disclosure | Invalidity Under 35 USC § 112 (a) | Description of Claimed Design in '834 Patent |
|---|---|---|
|  Figure 5, Figure 7 | Figures 5 and 7 of the original disclosure show a rear hinge member that has a diagonally inwardly sloping edge that merges with a vertical edge. Therefore, the specific shape and appearance of the rear hinge member shown in Figure 6 of the '834 patent has no support in the views of the original disclosure. | FIG. 6 |





SEARS' OCTOBER 9, 2013 FINAL UNENFORCEABILITY AND INVALIDITY CONTENTIONS
EXHIBIT FF

| Original Dislcosure in Application No. 29/256,991 ("parent application") | Invalidity Under 35 USC § 112 (a) | Description of Claimed Design in '045 Patent |
|---|---|---|
|  | As can be understood from Figure 1(a) of the parent application, the center portion of the outwardly extending shelves, as shown in Figure 1(a) of the parent application, are slightly recessed down and inwardly from the peripheral frame of the shelves, so that a distinct edge can be seen defining the center portion from the peripheral frame. However, Figures 1, 2, 3, and 5 of the '045 patent do not show this edge or that the center portion of the outwardly extending shelves is recessed down and in from the peripheral frame. On the contrary, as shown in Figures 1, 2, 3, and 5 of the '045 patent, the peripheral frame and center portion of the outwardly extending shelves has a continuous uniform appearance. | FIG. 1  FIG. 2  FIG. 3  FIG. 5  |
|  | As can be understood from Figure 1(a) of the parent application, the inner peripheral edge of the outwardly extending shelves projects slightly outwardly from the center panel below the grill cover defining a raised edge. However, in Figures 1 and 2 of the '045 patent the inner peripheral edge of the outwardly extending shelves is continuous with the center panel below the grill cover, and does not define a raised edge. | FIG. 1  FIG. 2  |

| Original Dislcosure in Application No. 29/256,991 ("parent application") | Invalidity Under 35 USC § 112 (a) | Description of Claimed Design in '045 Patent |
|---|---|---|
|  | As can be understood from Figure 1(a) of the parent application, the inwardly extending bands of the side panels of the grill cover are raised up slightly above the center portion of the grill cover. However, as shown in Figures 1, 2, and 3 of the '045 patent, the center portion of the grill cover and the inwardly extending bands of the side panels have a continuous uniform appearance, with no defined raised edge. | FIG. 1  FIG. 2  FIG. 3  |
|  | As can be understood, from Figure 4(a) of the parent application, the side surface directly below the bottom edge of the grill cover appears to be contoured and does not have a flat appearance as is shown in Figures 1, 4, and 5 of the '045 patent. | FIG. 1  FIG. 4  FIG. 5  |

| Original Dislcosure in Application No. 29/256,991 ("parent application") | Invalidity Under 35 USC § 112 (a) | Description of Claimed Design in '045 Patent |
|---|---|---|
| | As can be understood from Figure 3(a) of the parent application, the rear hinge members, as well as the structure above the pattern of openings differs from the hinge members and the structure above the pattern of openings shown in Figure 3 of the '045 patent. | FIG. 3 |

SEARS' OCTOBER 9, 2013 FINAL UNENFORCEABILITY AND INVALIDITY CONTENTIONS

EXHIBIT GG

| Invalidity Under 35 USC § 112 (a) and (b) | Description of Claimed Design in '045 Patent |
|---|---|
| As shown in the Figure 3 of the drawing, there is internal structure shown in solid lines in the open areas to the left and the right of the firebox which are incapable of being understood as to what they are intended to represent. |  |
| The exact shape and appearance of the horizontal member shown extending across the rear of the shroud in Figure 3 cannot be determined in the absence of additional views | |

SEARS' OCTOBER 9, 2013 FINAL UNENFORCEABILITY AND INVALIDITY CONTENTIONS
EXHIBIT GG

| Invalidity Under 35 USC § 112 (a) and (b) | Description of Claimed Design in '045 Patent |
|---|---|
| The exact shape and configuration of the rectangular structure shown behind the horizontal bar in Figure 3 cannot be determined in the absence of additional views |  |
| The bottom horizontal line shown in Figures 4 is not shown in Figure 1, and in the absence of any additional disclosure it cannot be understood what the bottom horizontal line shown in Figure 4 and 5 are intended to represent. | |

SEARS' OCTOBER 9, 2013 FINAL UNENFORCEABILITY AND INVALIDITY CONTENTIONS

EXHIBIT GG

| Invalidity Under 35 USC § 112 (a) and (b) | Description of Claimed Design in '045 Patent |
|---|---|
| The outer edge of the outwardly extending panel on the left side of the design in figure 1 has a much greater convex curvature than the corresponding edge in Figures 2 and 3. Due to this inconsistency between Figures 1, 2, and 3, it is unclear what the exact contour of the outer edge of the outwardly extending panels is intended to be. |  |
| In Figure 5 the vertical edge directly below the bottom edge of the grill cover has a diagonally upwardly sloping top portion that connects to the bottom edge of the grill cover. However, as shown in Figures 1, 2, and 4, the corresponding vertical edge does not include a diagonally upwardly sloping top portion. | |

SEARS' OCTOBER 9, 2013 FINAL UNENFORCEABILITY AND INVALIDITY CONTENTIONS

EXHIBIT GG

| Invalidity Under 35 USC § 112 (a) and (b) | Description of Claimed Design in '045 Patent |
|---|---|
| In Figures 4 and 5, the rear edge that extends up above the outwardly extending shelves includes a vertical portion that connects with an outwardly sloping diagonal edge which in turn connects to an outer vertical edge.  However, as shown in Figures 1 and 3, the outwardly sloping diagonal edge is horizontally straight. |  |
| The appearance of the rear hinge member shown in Figures 4 and 5 does not correspond to the appearance of the rear hinge member in Figure 3, and it cannot be determined from these three views what the exact configuration of the rear hinge members are intended to be | |